2EDWARD A. DUFRESNE, JR., Chief Judge.
This is an appeal by Bayou Gaming, Inc. from a preliminary injunction relating to the placement of video poker and coin operated machines at the Galva Lounge, located at 113 Bait Alley in Akers, Louisiana. For the following reasons, we affirm that judgment.
The facts are as follows. Joseph Poche, Jr., the original owner of the lounge, contracted with Reliable Amusement Company, Inc. for placement of video poker and other coin operated machines at the location. The lease was for seven years and commenced in May of 2002. It also contained a clause that it would bind “any successor and/or assign” of the business. For reasons not fully explained on the record, but apparently relating to Poche’s divorce proceedings, the Louisiana State Police deactivated the poker machines on September 5, 2002, and they were removed from the lounge. It appears that Poche at that time began discussions with Bayou *1138 Gaming to get new video poker machines installed.
Sometime around October 7, Reliable learned that its remaining pool tables and juke box had been moved out of the lounge and Bayou’s tables and juke box had been installed. After some brief contact between representatives of the two companies, Reliable filed the present action for injunctive relief. On October 24, a temporary restraining order issued ordering Bayou not to substitute its machines |3for those of Reliable. The hearing on the preliminary injunction was set for October 31.
At that hearing, the evidence showed that Reliable’s pool tables and juke box had been reinstalled and Bayou’s had been removed. However, it was also shown that on October 29, Poche had sold Galva Lounge to Galva Lounge, Inc., a recently formed corporation owned solely by Yvonne Scott, the president of Bayou Gaming, Inc.
In her oral reasons for judgment the trial judge stated that the “successor and/or assign” clause of the Reliable-Poche lease made that agreement binding on Galva Lounge, Inc. Based on this finding she issued the preliminary injunction at issue here prohibiting removal of the Rehable machines from the premises or installing competing machines. Bayou Gaming, Inc. now appeals.
Two assignments of error are urged here. First, Bayou argues that the preliminary injunction should not have issued because Reliable failed to show that it would suffer irreparable harm. Second, it argues that the original contract between Rehable and Poche did not bind Galva Lounge, Inc.
As to the first assignment, La.Code Civ. Pro., Art. 3601 provides that an injunction shall issue either where irreparable injury may result or in other cases provided by law. In Louisiana Gaming Corporation v. Jerry’s Package Store, 93-320 (La.App. 3rd Cir.12/8/93), 629 So.2d 479, a case similar to the present matter, the court held that a contractual obhgation not to do was sufficient to support an injunction without a showing of irreparable harm. We agree with this result and therefore rule that the present preliminary injunction properly issued based on the contract between Reliable and Poche.
Bayou’s second argument is also without merit. The Reliable-Poche contract provides that it shall be binding on “any successor and/or assign.” When Gal-va Lounge, Inc. acquired the business from Poche it became his “successor |4and/or assign” and thus is bound by that contract. We therefore reject this assignment as well.
For the foregoing reasons, the judgment issuing the preliminary injunction is hereby affirmed.

AFFIRMED.